IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:

GREGORY KENT QUINN,

    Debtor.

Case No. 3:18-bk-03512
Chapter 11

### CASCADE MORTGAGE FUNDING'S OBJECTION TO CONFIRMATION

COMES NOW, Cascade Mortgage Funding Trust 2017-1 ("Cascade"), and files this Objection to Confirmation of the Debtor's Chapter 11 Plan [Doc. 62-1] (the "Plan"),[1] respectfully showing this Honorable Court as follows:

1.    Cascade is the holder of Claim No. 2, which is secured only by a deed of trust that encumbers the Debtor's principal residence, located at 2371 Benders Ferry Road, Mount Juliet, TN 37122.

2.    The claim is in the amount of $1,554.532.84, accrues interest at 4.75%, matures on February 1, 2049, and has a prepetition arrearage of $252,997.02. *See* [Claim No. 2-1].

3.    The Plan provides for treatment of Cascade's claim as follows:

> At the Petition Date, the Claim of Cascade Funding Mortgage Trust 2017-1 ("Cascade") was secured by a deed of trust lien on the Debtor's residence located at 2371 Benders Ferry Road, Mt. Juliet, Tennessee. On the Effective Date, the Debtor shall deliver to Cascade the sum of $150,000.00. Within forty-five (45) days after the Effective Date, the Debtor shall resume monthly payments to Cascade in a manner consistent with the terms of the "Note" signed by the Debtor and dated December 29, 2006 in the original principal amount of $1,391,000.00. Notwithstanding the foregoing, the January 1, 2036 balloon date specified in the

---

[1] The Plan has not been filed separately and is instead attached as an exhibit to the Disclosure Statement. The Clerk's Office directed the Debtor's attorney to file the Plan as a separate docket entry, but he has not yet done so. Cascade objects to confirmation on the basis that creditors do not have fair notice that the Plan was filed because it has never appeared as a separate docket entry.

1

Note shall be changed to January 1, 2026. Cascade shall retain its lien on the residence from and after the Confirmation Date.

4. Cascade objects to this treatment. As a claim secured only by the Debtor's principal residence, he may not modify any of Cascade's rights. *See* 11 U.S.C. § 1123(b)(5). These "rights" include, among others, the right to be paid as specified in the operative loan documents. *See, e.g., Nobleman v. Am. Savings Bank*, 508 U.S. 324, 329 (1993). If a plan does not comply with § 1123(b)(5), it cannot be confirmed. *See* 11 U.S.C. § 1129(a)(1).

5. The proposed treatment clearly attempts to modify Cascade's rights in the following ways, and is therefore not confirmable:

   a. The loan documents do not provide for a January 1, 2036, balloon payment. On June 25, 2013, a loan modification agreement was signed that extended the maturity date to February 1, 2049. *See* [Claim No. 2-1, Part 2, p. 11]. There is no balloon provision. *Id.*

   b. The principal balance was increased in the loan modification to $1,379,443.80, but the Plan states that only the original balance of $1,391,000.00 will be paid through the Plan.

   c. The prepetition arrearage is $252,997.02. The Plan provides that the Debtor will make an immediate $150,000.00 payment but it is not specified how this payment is to be applied (i.e., whether it is an arrearage payment). The Debtor provides no other means for payment of the remaining arrears other than perhaps in an impermissible balloon payment. Although courts have recognized the ability of an individual Chapter 11 debtor to cure a default and maintain payments on a mortgage loan encumbering a principal residence without it amounting to a modification, *see In re Lennington*, 288 B.R. 802,

805 (Bankr. C.D. Ill. 2003) (citing *Valente v. Savings Bank of Rockville*, 34 B.R. 362 (D. Conn. 1983)), the cure must be made in installment payments within a reasonable time. *Id.* Here, although the Debtor may be attempting to to cure the default through a balloon payment, but the payment is to be made in *seven years* and in a lump sum rather than installments. This is clearly a modification rather than a cure and maintain provision.

d.  The Debtor has failed to account for increasing arrears that accumulated post-petition and pre-confirmation.

e.  The Plan fails to provide for payment of escrow each month, as required by the subject deed of trust.

WHEREFORE, Cascade respectfully requests that this Court inquire into the matters raised herein and deny confirmation of the Plan.

Respectfully submitted, this 31st day of July 2019.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (BPR # 31643)
> **RUBIN LUBLIN TN, PLLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, Georgia 30071
> (678) 281-2730 (Telephone)
> (404) 921-9016 (Facsimile)
> bchaness@rubinlublin.com
>
> *Attorney for Cascade Mortgage Funding Trust 2017-1*

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 31, 2019, a copy of the within and foregoing has been served via CM/ECF and U.S. First Class Mail, postage prepaid, on the following:

Joseph P Rusnak
Tune Entrekin & White PC
315 Deadrick Street Ste. 1700
Nashville, TN 37238-1700

US Trustee
Office of the United States Trustee
701 Broadway, STE 318
Nashville, TN 37203-3966

                                              */s/ Bret J. Chaness*
                                              BRET J. CHANESS (BPR # 31643)