**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GREGORY KENT QUINN, ) | Case No. 3:18-bk-03512 |
| (SSN XXX-XX-2060) ) | (Chapter 11) |
| ) | Judge Marian F. Harrison |
| Debtor-in-Possession. ) | |

_____

**DEBTOR'S FIRST AMENDED AND RESTATED PLAN
OF REORGANIZATION FOR GREGORY KENT QUINN**
_____

**Dated: October 8, 2019**

Pursuant to Bankruptcy Code section 1121, Gregory Kent Quinn, proposes the following plan of reorganization for the above-captioned debtor-in-possession.

## ARTICLE I

### Definitions

The following terms used in the Plan shall, unless the context otherwise requires, have the meanings specified below:

**1.01.** <u>**Allowed Claim**</u>: A right against the Debtor within the meaning of Code section 101(4) in respect of which a proof of claim has been filed with the Court within the period of limitation fixed by Rule 3003 or scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, and in either case as to which no objection as to allowance thereof has been raised within the applicable period of limitation fixed by Rule 3001 or an order of the Court, or as to which any such objection has been determined by an order or

judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari is pending.

1.02. **Allowed Interest**:  A right against the Debtor of an equity security holder of the Debtor in respect of which a proof of interest has been filed with the Court within the applicable period of limitation fixed by Rule 3003 or scheduled in a list of equity security holders prepared and filed with the Court pursuant to Rule 1007(b) and in either case as to which no objection as to the allowance thereof has been interposed with any applicable period of limitation fixed by Rule 3003 or an order of the Court, or as to which any objection has been determined by an order of judgment which is no longer subject to appeal or certiorari proceedings and as to which no appeal or certiorari proceeding is pending.

1.03. **Allowed Secured Claim**: An Allowed Claim secured by a lien, security interest, or other charge against or interest in property in which the Debtor has an interest, or which is subject to set-off under Code section 553, to the extent of the value (determined in accordance with Code section 506(a)) of the interest of the holder or such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to such set-off as the case may be.

1.04. **Claim**: A right against the Debtor within the meaning of Code section 101(4), including any right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against the Debtor in existence on or after the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, mature, un-matured, disputed, undisputed, legal, secured or unsecured.

*Page 2 of  17*

Case 3:18-bk-03512   Doc 86   Filed 10/07/19   Entered 10/07/19 15:38:35   Desc Main
Document      Page 2 of 17

**1.05. Class**: A group into which Allowed Claims or Allowed Interests are divided pursuant to Article III of the Plan.

**1.06. Code**: The Bankruptcy Code, 11 U.S.C. § 101, et seq. (2019), enacted as Public Law 95-598, November 6, 1978, 92 STAT. 2549, as amended.

**1.07. Common Stock**: The common stock of the Debtor issued and outstanding prior to the Petition Date, if any.

**1.08. Confirmation Date**: The date upon which the Court enters the Confirmation Order in accordance with the provisions of Chapter 11 of the Code.

**1.09. Confirmation Order**: The order entered by the Court confirming this Plan, in accordance with Code section 1129.

**1.10. [Reserved ]**.

**1.11. Costs and Expenses of Administration**: The Claims against the Debtor allowed in accordance with Code section 503(b).

**1.12. Court**: The United States Bankruptcy Court for the Middle District of Tennessee in which the Debtor's Chapter 11 case is pending and any Court having jurisdiction to hear appeals or certiorari proceedings therefrom.

**1.13. Creditor**: Any person or its assignee that holds a claim against the Debtor for debts, liabilities or demand of whatever kind or character which arose prior to the Petition Date.

**1.14. Debtor**: A reference to Gregory Kent Quinn, the debtor-in-possession herein and the proponent of this Plan.

**1.15. Effective Date**: A reference to the date upon which the Confirmation Order is no longer subject to appeal or certiorari proceedings, or in the event of an appeal, upon which an order confirming the Confirmation Order becomes final and is no longer subject to further appeal or certiorari proceedings or such other date as the Debtor shall designate in a written notice filed with the Court.

**1.16. Interest**: The rights of the Debtor's shareholders, if any, or a reference to the Debtor's interest in his personal assets.

**1.17. Petition Date**: The date on which the Debtor filed a voluntary Chapter 11 petition with the Court: May 24, 2018.

**1.18. Plan**: This plan for the reorganization of the Debtor, in its present form or as may hereafter be amended, modified or supplemented in accordance with the terms thereof or in accordance with the Code.

**1.19. Rule**: The Bankruptcy Rules, as adopted by the Supreme Court of the United States pursuant to 28 U.S.C. § 2075 (2019) and the Local Bankruptcy Rules as adopted by the Court.

**1.20. Substantial Consummation**: The time at which the first distribution under the Plan is due to be made.

## ARTICLE II

## Construction

Where not inconsistent or in conflict with the provisions of the Plan, the words and phrases used herein shall have the meanings ascribed thereto in the Code and in the Rules.

## ARTICLE III

### Treatment of Administrative Expense Claims and Rejected Claims

Administrative expense claimants shall be paid in full on the Effective Date, or upon the entry of an order of the Court allowing such claims, or upon the entry of an order of the Court approving the fees and expenses of an administrative expense claimant, or as otherwise deferred by agreement of the Debtor and the administrative expense claimant, whichever is later, except that any Claims of the U.S. Trustee shall be paid in full on the Effective Date. The Debtor shall continue to make post-confirmation quarterly fee payments to the U.S. Trustee until the entry of a final decree pursuant to Code section 350. Any other administrative expense claims representing a liability incurred in the ordinary course of business of the Debtor may be paid in cash by the Debtor in the ordinary course of business. All fees arising under 28 U.S.C. § 1930(a) after confirmation shall be paid after the Confirmation Date as such become due. Any claims for Costs and Expenses of Administration shall be filed within twenty (20) days of the Confirmation Date.

## ARTICLE IV

### Classification of Claims and Interests

**Class 1** - The Allowed Secured Claim of Cascade Funding Mortgage Trust 2017-1 secured by a deed of trust lien on the Debtor's residence.

**Class 2** - Any and all general unsecured Allowed Claims.

**Class 3** - The Allowed Interest of the Debtor.

# ARTICLE V

## Treatment of Allowed Claims and Interests Under the Plan

**5.01. Class 1 Claims**: At the Petition Date, the Claim of Cascade Funding Mortgage Trust 2017-1 ("Cascade") was secured by a deed of trust lien on the Debtor's residence located at 2371 Benders Ferry Road, Mt. Juliet, Tennessee. The pre-petition and post-petition arrearage owed to Cascade totals $387,408.29 (the "Arrearage"). On the Effective Date, the Debtor shall deliver to Cascade the sum of $150,000.00 in partial satisfaction of the Arrearage. The balance of the Arrearage or $230,186.98 shall be paid in sixty (60) equal monthly installments of $3,836.45 each. The first monthly installment on the Arrearage shall be due thirty (30) days after the Effective Date and monthly installments shall continue thereafter on the fifteenth of each month thereafter. Within forty-five (45) days after the Effective Date, the Debtor shall resume monthly payments to Cascade in a manner consistent with the terms of the "Note" signed by the Debtor and dated December 29, 2006 in the original principal amount of $1,391,000.00.[1] The February 1, 2049 maturity date specified in the Note (as modified) shall remain unchanged. Cascade shall retain its lien on the residence from and after the Confirmation Date.

**5.02. Class 2 Claims:** Members of Class 2 consisting of the claims of Synchrony Bank and Minchey's Landscaping and Garden Center shall be paid in full without interest in thirty-six (36) equal monthly installments. Payments to members of Class 2 shall commence forty-five (45) days after the Effective Date and continue on the first (1st) day of each month thereafter. Payments of any amounts due to members of Class 2 under

---

[1] A copy of the Note is attached to Cascade's proof of claim filed July 31, 2018.

*Page 6 of 17*

Case 3:18-bk-03512    Doc 86    Filed 10/07/19    Entered 10/07/19 15:38:35    Desc Main
Document    Page 6 of 17

the Plan will satisfy the Debtor's obligation to make disposable income payments pursuant to Code section 1129(a)(15).

**5.03.** **Class 3 Claims**: The sole member of Class 3 consists of the interests of the Debtor, Gregory Kent Quinn. Upon payment in full to all creditors as proposed herein, ownership of all property of the estate shall re-vest in the Debtor.

## ARTICLE VI

## Impairment of Classes

**6.01.** The following Classes are not impaired under the Plan:

(a) Class 3.

**6.02.** The following Classes are impaired under the Plan:

(a) Classes 1 - 2, by virtue of Code sections 1124(1) and (2).

## ARTICLE VII

## Executory Contracts and Unexpired Leases

**7.01.** All executory contracts not previously assumed or rejected with Court approval prior to the Confirmation Date shall be deemed rejected.

**7.02.** All unexpired leases not assumed or rejected with Court approval prior to the Confirmation Date shall be deemed rejected.

**7.03.** Parties to an executory contract or unexpired lease with the Debtor who are damaged by the rejection of such a contract or lease shall be treated as a Class 3 claimant. The Debtor does not anticipate any damages resulting from the rejection of any such contracts or leases.

# ARTICLE VIII

## Means for Execution of the Plan

**8.01.** Funds generated by the Debtor's post-petition earnings constitute the source of the funds that will be used to satisfy the Allowed Claims of creditors. A more complete description of the implementation and means of completing the Plan is set out in the Disclosure Statement. All property shall remain property of the Debtor's estate and shall vest in the Debtor, subject to any valid lien, security interest, mortgage or other interest in property securing an Allowed Claim provided for in the Plan, only upon dismissal, discharge, or conversion of the case.

**8.02.** The Debtor shall have sufficient funds available upon the Confirmation Date to make the payments required hereby.

**8.03.** Prior to the Effective Date, the Debtor is authorized and directed to execute and deliver all documents and to take and cause to be taken all action necessary or appropriate to execute and implement the provisions of this Plan.

**8.04.** The Debtor shall be the disbursing agent hereunder and shall have the sole and exclusive right to make the distributions required by the Plan. Said disbursing agent may hold or invest the funds in one or more accounts, provided that all investments shall be made in accordance with Code section 345. Said disbursing agent shall not be required to obtain a bond. No payments or distributions shall be made with respect to all or any portion of a Claim until and unless such Claim becomes an Allowed Claim.

**8.05.** After the Effective Date, the Debtor will provide to any interested Creditor semi-annual reports within thirty (30) days after the periods ended June 30 and December

31 of each year. These reports shall include: (i) an itemization of all payments made on the Costs and Expenses of Administration during the previous six months; (ii) an itemization of all payments made on all Allowed Secured Claims during the previous six months; (iii) an itemization of all payments made on all Allowed Claims during the previous six months; (iv) an itemization of all income earned by the Debtor during the previous six months; and (v) an itemization of all personal living expenditures during the previous six months. These reports shall be certified by the Debtor confirming that the information contained therein is true and correct to the best of thier knowledge, information, and belief.

**8.06.** After a final distribution has been made, said disbursing agent shall file a report and cause a final decree to be issued.

## ARTICLE IX

### Modification of the Plan

**9.01.** Modifications of the Plan may be proposed in writing by the Debtor at anytime before the Confirmation Date, provided that the Plan, as modified, meets the requirements of Code sections 1122 and 1123, and the Debtor shall have complied with Code section 1125.

**9.02.** The Plan may be modified at any time after the Confirmation Date, provided that the Plan, as modified, meets the requirements of Code sections 1122 and 1123 and the Court, after notice and hearing, confirms such Plan, as modified, under Code section 1129 and the circumstances warrant such modification.

**9.03.** A holder of a Claim or Interest that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified,

*Page 9 of 17*

Case 3:18-bk-03512    Doc 86    Filed 10/07/19    Entered 10/07/19 15:38:35    Desc Main
Document    Page 9 of 17

unless, within the time fixed by the Court, such holder changes its previous acceptance or rejection.

## ARTICLE X

### General Provisions

**10.01.** Notwithstanding any other provision of this Plan, each Claim shall be paid only after it has been proven and allowed in accordance with the Code.

**10.02.** At the option of the Debtor, this Plan may be withdrawn at any time prior to the Effective Date of the Plan. Such option shall be exercised by filing with the Court a notice of withdrawal and mailing a copy of such notice to all creditors, equity security holders and persons specially requesting notices. If such option is timely and properly exercised, the case shall continue and be administered as if the Plan had been withdrawn prior to the Confirmation Date.

**10.03.** Pursuant to Code section 1123(b)(3)(B), the Debtor shall retain each and every Claim, demand or cause of action whatsoever which the Debtor had or had power to assert immediately prior to confirmation of the Plan, including (without limitation) actions for the avoidance and recovery pursuant to Code section 550 of transfers avoidable by reason of Code sections 544, 545, 547, 548, 549 or 553(b), and may commence or continue in any appropriate court or tribunal any suit or other proceeding for the enforcement of same. The Debtor expressly retains the right to compromise, settle or adjust any and all claims for payment owed by another without further notice thereof to creditors and other parties in interest.

**10.04.** If any payment under the Plan falls due on a non-business day, then such due date shall be extended to the next following business day.

**10.05.** Any notice hereunder shall be in writing, and if by telegram, telex or facsimile, shall be deemed to have been given when sent, and if mailed shall be deemed to have been given three (3) days after the date when sent by registered or certified mail, postage prepaid, and addressed as follows:

| If to Debtor: | with a copy to: |
|---|---|
| Gregory Kent Quinn<br>2371 Benders Ferry Road R2<br>Mt. Juliet, TN  37122 | Joseph P. Rusnak<br>TUNE, ENTREKIN & WHITE, P.C.<br>UBS Tower, Suite 1700<br>315 Deaderick Street<br>Nashville, TN  37238 |

or at such other address (if any) as may have been designated as an address for such purpose, or at any address of such party appearing in the records of the party giving such notice.

**10.06.** In the event of any discrepancy between the terms of this Plan and the accompanying disclosure statement or any of the terms or conditions of any note, security agreement, loan agreement, deed of trust or similar instrument, the terms of this Plan shall control.

**10.07.** Pending the completion of this Plan and the payment of all the amounts contemplated by the Plan, all creditors shall be stayed from proceeding against the Debtor, assets of the Debtor's estate, the Debtor's assets, or any of the Debtor's income.

**10.08.** After the Confirmation Date, the Debtor shall operate and conduct their affairs free of any restrictions and notice requirements of the Bankruptcy Code and the

Bankruptcy Rules (including, but not limited to, the employment and compensation of professional persons), except as specifically provided for in the Plan or the Confirmation Order.

**10.09.** Except as otherwise expressly provided in, or permitted under, this Plan, the Confirmation Order shall provide, among other things, that all Creditors and persons who have held, hold or may hold Claims that existed prior to the Effective Date, are permanently enjoined on and after the Effective Date against the: (i) commencement or continuation of any judicial, administrative, or other action or proceeding against the Debtor or any of their owned entities on account of Claims against the Debtor, or on account of claims released pursuant to the terms of the Plan; (ii) enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or any assets or property of same; or (iii) creation, perfection or enforcement of any encumbrance of any kind against the Debtor arising from a Claim. This provision does not enjoin the prosecution of any claims that arise on or after the Effective Date nor does it enjoin the determination in the Bankruptcy Court of the Allowed Amount of any Claims that arose prior to the Effective Date. Parties asserting entitlement to the payment of Costs and Expenses of Administration incurred prior to the Confirmation Date and holders of Claims shall be permanently enjoined from asserting any Claim against the Debtor or their assets based upon any act or omission, transaction or other activity that occurred prior to the Confirmation Date, except as otherwise provided in the Plan, whether or not a proof of claim or interest was filed and whether or not such Claim or Interest is allowed under Code section 502.

**10.10.** Except as expressly provide for in this Plan, or allowed by the Court, no interest, penalty, or late charge is to be allowed on any Claim subsequent to the Petition Date.

**10.11.** No attorneys' fees will be paid with respect to any Claim except as specified herein or as allowed by a prior order of the Court.

**10.12.** In the event of any alleged default under the Plan, any Creditor or party-in-interest must give a written default notice to the Debtor, with copy to counsel of record for the Debtor, specifying the nature of the default. Upon receipt of the default notice, the Debtor shall have ten (10) days to cure such default from the time of receipt of the default notice. If such default has not been cured within the applicable time period, the default may be brought to the attention of the Court or any other court of competent jurisdiction.

## ARTICLE XI

### Closing of the Case

**11.01.** Pursuant to Code section 1141(d)(5), in a case in which the debtor is an individual, confirmation of the plan does not discharge any debt provided for in the plan until the Court grants a discharge on completion of all payments under the plan. However, Code section 1141(d)(5)(B) states that at any time after the confirmation of the Plan, and after notice and a hearing, the Court my grant a discharge to the Debtor before completing all payments under the Plan if: (i) the value, as of the Effective Date of the Plan, of property actually distributed under the Plan on account of each Allowed Claim is not less than the amount that would have been paid on such Claim if the estate of the Debtor had been liquidated under Chapter 7 on such date; and (ii) modification of the Plan under Code

section 1127 is not practicable. Notwithstanding anything in this section 11.01 to the contrary and for purposes of clarity, the Debtor shall not be discharged on the Effective Date from his on-going obligations as set forth in this Plan. Furthermore, the Debtor shall not be discharged from any of his unsecured debts, liabilities or obligations until he has made the payments due to the Allowed Claims of Class 2 claimants.

Accordingly, at such time as the Debtor's case has been fully administered, that is, when all things requiring action by the Court have been done, and the Plan has been Substantially Consummated, this case shall be closed. To close the case, the Debtor shall file an application for final decree showing that the case has been fully administered and that the Plan has been substantially consummated. The Court shall conduct a hearing upon the application after notice to all creditors, equity security holders and persons specially requesting notices, after which an order approving the Debtor's report and closing the case (final decree) may be entered.

The Debtor shall continue to pay U.S. Trustee quarterly fees until the final decree is entered.

**11.02.** In the period after Confirmation, but before closing of the case, the Debtor may continue to avail itself of the services of professional persons whose employment was approved at or prior to Confirmation in completing administration of the case and, if necessary, with approval of the Court employ additional professional persons to render services in and in connection with the case. With respect to services rendered and expenses incurred in or in connection with the case by any professional person during such period, the professional person may render periodic billings therefor to the Debtor which shall promptly pay the same, but each such payment shall be subject to review and

approval by the Court as to the reasonableness thereof. In its application for final decree the Debtor shall detail all amounts paid during such period to professional persons as compensation for services rendered or reimbursement of expenses incurred, and with respect to which no prior allowance thereof has been made by the Court. At the hearing on the Debtor's application for final decree, the Court shall consider and determine whether or not such payments shall be approved as reasonable.

## ARTICLE XII

## Provisions for Continuing Jurisdiction of the Court

**12.01.** In addition to the continued jurisdiction after the Confirmation Date which is provided for as a matter of law by the Code and Rules, the Court shall retain exclusive jurisdiction for the following purposes:

(1) The classification of any claim or interest, the determination of such objections as may be filed to Claims, or Interests, and the re-examination of the allowance of any Claim or Interest;

(2) The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of this Plan;

(3) To enforce and interpret the terms and conditions of this Plan and otherwise act upon or in regard to the terms and provisions of the Plan;

(4) Entry of any order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor and to impose such limitations and terms of such title, rights, and powers as the Court may deem necessary;

(5) Determination of any Claims asserted by the Debtor against any other person or entity, including, but not limited to, any right of the Debtor to recover assets pursuant to the provisions of Title 11, if such claim is pursued in the Court prior to the closing of the case;

(6) Determination of all questions and disputes concerning the sale, lease, encumbrancing, or other transfer of property of the Debtor;

(7) To exercise the jurisdiction granted pursuant to Code section 505(a) and (b) to determine any and all federal, state, local and foreign tax liabilities of, and any and all refunds of such taxes paid by the Debtor.

(8) To determine any and all applications for the assumption or rejection of executory contracts and unexpired leases, and the allowance of any Claims resulting from rejection thereof;

(9) To determine any and all contested matters, applications, adversary proceedings, and litigated matters that may be filed in the Court;

(10) To consider the modification of this Plan after the Confirmation Date as allowed pursuant to the Rules and the Code;

(11) Except as otherwise provided in this Plan, to make any determinations and to issue any orders to enforce, interpret or effectuate the Plan;

(12) To determine such other matters as may be provided for in the Confirmation Order; and

(13) Entry of a final decree closing this case.

Nothing contained in the Plan shall be construed so as to limit the rights of the Debtor to commence or prosecute any claim in any court of competent jurisdiction.

Executed at Nashville, Tennessee, as of the date first above written.

Respectfully submitted,

  /s/ *Gregory Kent Quinn*
Gregory Kent Quinn

  /s/ *Joseph P. Rusnak*
Joseph P. Rusnak
**TUNE, ENTREKIN & WHITE, P.C.**
UBS Tower, Suite 1700
315 Deaderick Street
Nashville, TN 37238
(615) 244-2770 Voice
(615) 244-2778 Telecopy
Jrusnak@tewlawfirm.com

Attorneys for the Debtor-in-Possession

*H:\JPRAssistant\JPR\Quinn\Plan\PlanAmended.wpd*